# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| James Edlin,<br><br>        Plaintiff,<br><br>v.<br><br>The Receivable Management<br>Services Corporation,<br><br>        Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by Defendant, The Receivable Management Services Corporation, and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

4.   Plaintiff, James Edlin ("Mr. Edlin") is a natural person who resides in the County of Ionia, State of Michigan,

5.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6.   Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1693a(6).

7.   Defendant The Receivable Management Services Corporation, ("RMS"), is a foreign corporation.

8.   Defendant RMS uses one or more instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

9.   Defendant RMS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10.     Defendant RMS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11.     On its website, RMS indicates that "The Receivable Management Services Corporation (RMS) provides debt recovery services to companies from a wide range of industries." *See* https://www.rmscustomersupport.com/about.

12.     On its website, RMS indicates that it is a debt collection company attempting to collect a debt.

13.     On its website, RMS indicates that "[a]ll calls to and from The Receivable Management Services Corporation are recorded."

## **FACTUAL ALLEGATIONS**

14.     Sometime between December of 2014 and April of 2015, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes in the form of debt for an obligation to Blue Care Network ("the Debt").

15.     The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16.   Sometime after the Debt was incurred, Plaintiff allegedly defaulted on the Debt.

17.   Sometime after alleged Plaintiff's default, the Debt was sold, conveyed, delivered, consigned, placed, assigned, or otherwise transferred to Defendant RMS for collection.

18.   Plaintiff does not owe to Defendant RMS the amount that RMS was attempting to collect from Plaintiff.

19.   Plaintiff did not provide his address to RMS or the original creditor when the Debt was allegedly incurred.

20.   RMS did not have Plaintiff's address when RMS received the account related to the Debt.

21.   At all times relevant to this Complaint, Plaintiff has not lived at 4512 Bradford Road.

22.   Upon information and belief, RMS obtained an address a James Edlin, but not the Plaintiff, James Edlin.

23.   RMS began mailing letters to:

        JAMES EDLIN
        C/O TAMARA EDLIN
        4512 BRADFORD ROAD
        BELDING, MI 48809-9450

24. Tamara Edlin began receiving and opening letters from RMS, as addressed in the immediately preceding paragraph.

25. Tamara Edlin is the widow of James Edlin, deceased.

26. On or about April 8, 2016, Tamara Edlin contacted RMS to inquire about the Debt.

27. Tamara Edlin was informed that the letters were meant for James Edlin, her stepson, not her deceased husband.

28. Tamara Edlin then informed Defendant RMS that it was sending letters to the wrong address, as Plaintiff did not reside at her address.

29. Tamara Edlin contacted the original creditor on or about April 8, 2016, and was informed by Blue Care Network that Blue Care Network did not provide her address to RMS.

30. Tamara Edlin was informed that RMS received her address from an internet search.

31. Plaintiff was embarrassed to learn that letters from RMS were going to his stepmother.

32.   Plaintiff had to then investigate this matter and provide an explanation to his stepmother regarding his financial affairs.

33.   RMS continued sending statements addressed to:

> JAMES EDLIN
> C/O TAMARA EDLIN
> 4512 BRADFORD ROAD
> BELDING, MI 48809-9450

34.   RMS continued sending letters to Plaintiff, in care of Tamara Edlin, a third party, to an address that RMS knew to be incorrect.

35.   RMS sent Plaintiff one or more letters to an unusual place or place known or which should have been known to be inconvenient to him.

36.   The natural consequence of Defendant's conduct was to harass, oppress, or abuse Plaintiff.

37.   On or about July 25, 2016, RMS sent a letter dated July 20, 2016, that indicated:

> Repeated efforts to resolve this matter have been unsuccessful. Your creditor has authorized us to place this matter with an attorney to take action to recover this past-due balance. This

action may be avoided by contacting us with a firm payment arrangement. We urge you to contact us to prevent this action.

38. The letter had two clear plastic viewing windows. The upper viewing window showed, in addition to RMS, and a mailing address, "The Receivable Management Services Corporation."

39. The name The Receivable Management Services Corporation indicates that RMS is in the debt collection business.

40. 15 U.S.C. § 1692c(b) states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

41. Tamara Edlin is a person other than the consumer, his attorney, a consumer reporting agency if otherwise

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

42.    Defendant RMS mailed one or more letters to a person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

43.    RMS knew, or should have known, that mailing debt collection letters addressed to James Edlin in care of Plaintiff's stepmother whose deceased husband's name was also James Edlin to be inconvenient.

44.    Plaintiff has suffered an injury in fact traceable to Defendant's conduct that is likely to be redressed by a favorable decision in this matter.

45.    As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages in the form of lost time, expenses incurred, lost productivity, frustration, upset, and other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

46.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.   US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

47.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.   The foregoing acts and omissions of Defendant RMS and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

49.   Defendant RMS violated 15 U.S.C. § 1692c(a)(1).

50.   Defendant RMS violated 15 U.S.C. § 1692c(b).

51.   Defendant RMS violated 15 U.S.C. § 1692d.

52.   Defendant RMS violated 15 U.S.C. § 1692e.

53.   Defendant RMS violated 15 U.S.C. § 1692e(5).

54.   Defendant RMS violated 15 U.S.C. § 1692e(10).

55.    Defendant RMS violated 15 U.S.C. § 1692f.

56.    Defendant RMS violated 15 U.S.C. § 1692f(1).

57.    Defendant RMS violated 15 U.S.C. § 1692f(8).

58.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant RMS.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

**COUNT I.**
**VIOLATIONS OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against RMS and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against RMS and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against RMS and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: July 24, 2017

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com